UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION
KEVIN D. KOVACIC,
Pro-Se Plaintiff,
v.
OCONTO COUNTY, WISCONSIN;
(Oconto County Sheriff's Office),
LT. ERIC THOMSON, Individual Capacity;
ACCELERATED ANALYTICAL LABORATORIES, INC.,
(d/b/a Accelerated Cannabis Laboratories)
Defendants.
Case No.: 26-cv-1957
JURY TRIAL DEMANDED

U.S. District Court
Wisconsin Eastern
OCT 21 2026
FILED
Clerk of Court

COMPLAINT

Plaintiff Kevin D. Kovacic, appearing pro se, as a former small business owner (Wautoma Cannabis Queen LLC), agricultural farmer, and citizen, bring this civil rights action under 42 U.S.C. Section 1983 against Defendants Oconto County, Lieutenant Eric Thomson, and Accelerated Analytical Laboratories, Inc. I am suing to address an illegal, unconstitutional, malicious joint effort by local police and a private business, to utilize an illegal investigative technique, violate my Fourth Amendment rights against the unreasonable seizure and retention of my property, and deny me my Fourteenth Amendment right to due process through the unlawful creation of evidence.

Specifically, this lawsuit is about a law enforcement officer who took a package of suspected Schedule I narcotics out of police storage and dropped it into the United States Mail, sending it directly to an unlicensed civilian laboratory that had no legal authority to receive it. The police and the private lab exchanged cash money for a lab test of "suspected Schedule I narcotics", on a form that is only for testing controlled substances, not for testing hemp, purely to manufacture unauthorized test results, so they could build criminal charges and target an innocent, fully licensed, law-abiding business owner. By attempting to purchase evidence that my legally grown and fully vetted hemp crop, was actually ILLEGAL MARIJUANA,(It was hemp though).

By shipping and accepting suspected illegal drugs through the public mail without a mandatory Drug Enforcement Administration (DEA) license, both the police officer and the private laboratory broke federal drug trafficking laws under 21 U.S.C. Section 841(a)(1) and 21 U.S.C. Section 843(b). Because the police used an illegal investigatory technique that broke federal laws just to create evidence, they stripped themselves of all legal immunity and completely corrupted the justice system.

JURISDICTION AND VENUE

1. This Court has direct jurisdiction over these federal constitutional civil rights claims under 28 U.S.C. § 1331 (Federal Question) and 42 U.S.C. § 1983 (Civil Rights Actions).

2. Venue is proper in the United States District Court for the Eastern District of Wisconsin,. Green Bay Division, under 28 U.S.C. § 1391(b) because the targeted highway seizure, unlawful federal

mail transportation of suspected Schedule I narcotics, falsified evidence generation, using an unauthorized private laboratory, occurred entirely within this specific judicial district.

3. Timeline and Delayed Discovery Under the Federal Rule: Plaintiffs explicitly invoke the federal Discovery Rule and the equitable tolling doctrine regarding the procedural accrual of this action. The applicable statute of limitations did not begin to run until early 2026 because the unaccredited, illicit nature of this private testing transaction was fraudulently and actively concealed from the Plaintiffs. Defendants Oconto County, Lt. Eric Thomson, and Accelerated Analytical Laboratories, Inc. intentionally presented the testing contract and subsequent Certificate of Analysis as a valid, routine, and lawful forensic procedure, entirely hiding the fact that they were transporting and processing a Suspected Schedule I controlled substance through a civilian facility operating completely without a mandatory federal DEA registration to handle controlled substances. Making the transaction no different or more lawful than any private citizen mailing Schedule I narcotics to another citizen in hopes of gaining an objective, whether it be monetary gain, a criminal conviction, or attempting to justify violating constitutional rights. By arresting me for the weekend, and seizing and destroying my inaugural 2021 hemp crop in 2022. Because the absolute forensic proof of the Defendants' multi-layered federal statutory infractions was actively concealed, it was only uncovered by the Plaintiffs' independent research this year, rendering this civil rights action timely filed. It is not widely known within the public domain that testing facilities must maintain active, valid DEA narcotics testing accreditation, a mandatory credential which Accelerated Labs did not possess when Lieutenant Eric Thomson sent them suspected narcotics in 2022.

4. The Trial Proof of Total Concealment: As direct, undeniable proof that this vital statutory information was actively hidden, Plaintiffs note that during the federal jury trial in November 2025, the illegal, uncertified nature of the Accelerated Labs pipeline was entirely unknown to the Plaintiffs. If the Plaintiffs had possessed any knowledge or access to the fact that the Oconto County Sheriff's Office had committed a federal narcotics mail distribution infraction, or that Accelerated Labs was operating as an unlicensed Schedule I narcotics testing facility, the Plaintiffs obviously would have utilized that explosive evidence as a primary defense to prove that Eric Thomson and Oconto County acted outside the law to secure an unauthorized THC percentage test on the hemp I was arrested for in 2022. Because the truth regarding the lab's total omission from the DEA registry was completely hidden by the Defendants, the Plaintiffs were structurally prevented from raising it, delaying procedural accrual until early 2026.

CONSTITUTIONAL AND STATUTORY PRECEDENTS

5. The Right to Be Free from Fabricated and Illegally Created Evidence: The Seventh Circuit has long established that the introduction of legally invalid evidence or using illegal investigative techniques to sustain an arrest, seizure, or criminal prosecution violates the Due Process Clause of the Fourteenth Amendment. Under Fields v. Wharrie, 740 F.3d 1107, 1114 (7th Cir. 2014), the court ruled that "a prosecutor or officer who fabricates evidence against a criminal defendant violates due process." Furthermore, in Avery v. City of Milwaukee, 847 F.3d 433, 439 (7th Cir. 2017), the Seventh Circuit explicitly held that a defendant's due process rights are violated when an enforcement action is sustained using false, manipulated, or scientifically unsupportable metrics. Shipping suspected narcotics to unauthorized commercial laboratories to secure criminal metrics fits that constitutional description perfectly.

6. Municipal Liability for Systematic Custom: Under the foundational precedent of Monell v. Department of Social Services, 436 U.S. 658 (1978), a municipality is liable under Section 1983 when its own unconstitutional custom, policy, or practice causes a constitutional deprivation, as established in

Glisson v. Indiana Department of Corrections, 849 F.3d 372 (7th Cir. 2017). Having an institutional custom of bypassing state forensic limitations by illegally shipping suspected narcotics through the mail to unauthorized, unaccredited civilian labs fits that description perfectly. Specifically, the county utilizes these private transactions to purchase uncertified "decimal-point reports"—effectively using municipal funds to financially induce an unauthenticated third-party stranger, who has no legal authority or DEA registration to handle the substance, to manufacture the exact quantitative metric the state needs to back up criminal charges and hold property hostage. This custom represents a bad-faith, pay-to-play pipeline designed to buy a desired investigative result completely outside the rule of law.

What happened here was felony distribution of Schedule I controlled substances by Lieutenant Eric Thomson, and the felony receiving of Schedule I controlled substances by the private lab, paid for with a commercial check issued by the Oconto County Sheriff's Office. The check or money order that funded this unauthorized test is statutorily no different than a financial instrument utilized to purchase fentanyl ,cocaine or methamphetamine off the dark web. The singular difference in this action is that a law enforcement officer sent the narcotics and the financial bribe money, giving away municipal taxpayer funds to a struggling, unlicensed private laboratory that possessed absolutely no legal right or DEA registration to accept that sample, doing so in a corrupt attempt to secure a fraudulent criminal conviction or criminal charges, completely outside the boundaries of what is allowed by law. The exact same criminal laws were broken, as the law provides no exceptions or immunities for police officers trafficking narcotics to unauthorized civilian facilities. Defendant Accelerated Analytical Laboratories, Inc. has now completely stopped testing all cannabis because they could not secure the required federal DEA registration to accept samples through the mail. I am attaching the official corporate termination of all cannabis testing notice email, issued by Melanie Ensaldo, the Technical Success Manager of Accelerated Analytical Laboratories, Inc., as Exhibit C. This document explicitly details how they were legally forced to permanently discontinue and disable all cannabinoid profiling services due to their total inability to secure the mandatory federal DEA credentials required to continue doing business in Wisconsin.

While Exhibit C acknowledges that the facility actively tried to secure federal approval, it simultaneously serves as an explicit corporate admission that the Defendants operated with full knowledge that handling, accepting, and processing these suspected Schedule I controlled substances without active DEA registration constituted a direct federal felony infraction. And if the federal court system refuses to acknowledge that this is unlawful, this will go down in history as another one of those glaringly obvious corrupt Wisconsin law enforcement actions that were blindly defended by the Wisconsin federal judicial system, just like Kovacic v. Oconto Countyand Kovacic v. Kettleson. Which is just as much a victory for the people, as a favorable ruling for the Plaintiffs. Exposing how the courts protect law-breaking police in 21st-century America is absolutely necessary for the future of America, and hopefully all these loopholes are closed before the 22nd century starts. The first step in fixing a problem is identifying it, so whichever way this goes, the problem will be identified. It may take 50 years for the problem to get fixed, but it will get fixed. This litigation is exposing the problem. Eventually, there will be concrete rules that the police have to obey regarding cannabis, not backdoor loopholes that could be called good-faith mistakes, no matter what the scenario. In order to close these loopholes, we need to expose the problems. The police being allowed to pretend cbd is marijuana is a huge problem in at least 10 states. Including Wisconsin and Indiana.

In Kovacic v. Oconto County, the judge identified the problem on February 9, 2026, in his ruling, but he refused to admit he was duped by lying police officers and their taxpayer-funded lawyers, so he refused to fix his obvious mistake from summary judgment. Here is the cliff note version: In September 2025, Lieutenant Eric Thomson and Oconto County swore under oath that they found drug paraphernalia in

our vehicle in 2022. That is not possible because they returned everything that they seized in May 2022, by February 2023. Returning all of the seized items meant that none of it was paraphernalia. But that did not stop them from swearing that they found drug paraphernalia in our car during the traffic stop in May 2022 to secure summary judgment and get qualified immunity for all the individual officers involved, all 15 of them. Apparently it was a reasonable mistake for them to lie in their summary judgment motions. Oconto County chose to spend hundreds of thousands of dollars of taxpayer money to defend a completely accidental, one thousand-dollar destruction of property claim. Instead of reimbursing us the $1,000 for the hemp they destroyed, they decided to take it to trial. Choosing instead to protect a roadside mistake by going to trial, which exposed a rogue officer's unlawful mail order narcotics pipeline. At the trial in November 2025, each police officer that was involved was forced to address the issue and admitted under cross-examination that they were lying about the drug paraphernalia and that none ever existed. After the trial, the judge had the opportunity to vacate the summary judgment ruling that was granted based on the existence of illegal drug paraphernalia that never existed. If it was drug paraphernalia, Eric Thomson is not only guilty of mailing narcotics to Accelerated Laboratories, he is also guilty of distributing drug paraphernalia to me Kevin in the lobby at the oconto sheriff's office in February 2023. When the police returned our hemp and everything else that was seized to us. None of it was ever called paraphernalia until 2025 when the high-powered lawyers that the taxpayers funded, to get these police officers out of trouble, conspired to lie and swear under oath, in motions for summary judgement, that drug paraphernalia existed, and that paraphernalia gave them probable cause for everything that happened afterwards. And somehow it worked. The judge had the evidence photos and knew that none of it was drug paraphernalia ever. None of it ever resembled drug paraphernalia. But that did not stop them from swearing that our vehicle was full of drug paraphernalia in 2022 and that's why they thought our hemp was marijuana. If any of it was drug paraphernalia, they are guilty of returning it to us. Contraband must be destroyed, it cannot be returned to its owners. So not only is this lieutenant similar to a dark-web drug dealer, mailing narcotics through the mail whenever he feels like it, he also distributes drug paraphernalia to citizens.

7. Joint State Action by Private Entities: Under Seventh Circuit civil rights doctrines, a private corporate entity acts "under color of law" and is fully liable under § 1983 when it willfully participates in joint activity with the State or its agents to effectuate a constitutional deprivation, matching the conspiracy criteria defined in L.P. v. Marian Catholic High School, 852 F.3d 690 (7th Circuit 2017).

8. Bypassing State Notice Requirements: Pursuant to the binding United States Supreme Court precedent in Felder v. Casey, 487 U.S. 131 (1988), federal civil rights claims brought under 42 U.S.C. § 1983 completely pre-empt state notice-of-claim statutes, rendering the 120-day notice provisions of Wisconsin Statute § 893.80 completely inapplicable to this strictly constitutional action.

9. Liberal Pro Se Pleading Standard: Pursuant to the binding precedent of Haines v. Kerner, 404 U.S. 519 (1972) and Erickson v. Pardus, 551 U.S. 89 (2007), the Court must hold this pro se complaint, drafted by citizens without counsel, to less stringent standards than formal pleadings drafted by lawyers, ensuring that substantial justice is not defeated by technical formatting rules. All Americans are supposed to have access to the courts. When civil rights complaints are routinely dismissed because of technicalities and formatting errors instead of the merits of the case, the original ideals of our justice system have failed.

I. The Agricultural Framework, the Highway Hijacking, and the Unlawful Controlled substance testing Pipeline

10. Plaintiff operated a legitimate commercial agricultural enterprise under the corporate entity Wautoma Cannabis Queen LLC, investing substantial personal capital to cultivate a fully compliant, legal 2021 industrial hemp crop.

11. In May of 2022, personnel from the Oconto County Sheriff's Office executed an enforcement action, a traffic stop against the Plaintiffs on a public highway for legally tinted windows at 47%. That resulted in the wholesale seizure of one pound of their legal 2021 industrial hemp crop (Strain: Merlot), valued at approximately $1,000. Along with the arrest of Kevin Kovacic who was detained from Friday at 2pm to Monday at noon , and never charged with any crime.

12. Following the highway seizure of the legal hemp, Defendant Lieutenant Eric Thomson encountered an absolute institutional barrier: The Wisconsin State Crime Lab lacked the technical infrastructure to perform quantitative analysis to measure the exact dry-weight percentage of Delta-9 THC, flat-out refusing to process the sample.

13. The Oconto County District Attorney's office was completely dependent on a quantitative test coming back as marijuana to justify that days DRUG INTERDICTION STING ON i41, the roadside seizure and to press criminal charges. When the test from accelerated labs came back as legal hemp , all of the siezed items were all returned. Functioning as the courtroom enforcer of this racket, the District Attorney's office authorized a shortcut, that was outside the limits of what is allowed by law, to bypass the state crime lab's quantitative limitations, with Assistant District Attorney Hannah Schuchart remaining in active communication with Defendant Lt. Thomson regarding the progress of the unauthorized pipeline. Hoping for a test result that would enable oconto county to criminally charge me with marijuana trafficking for my legal hemp crop. The only reason this tactic failed is because Eric Thomson sent the actual plant material that was seized from our vehicle, rather than a sample of marijuana from a different evidence locker from a different marijuana case. I thank the powers that be everyday, that Eric Thomson was honest enough to send the actual seized material from our vehicle to the lab. He could've easily grabbed some marijuana out of the next locker over and sent it to accelerated laboratories and claimed that that was what he took from our vehicle. If he did that, I would still be in prison. I'd like to thank him for not doing that. But that doesn't excuse the rest of it.

II. The Unlawful Mail Transit and Use of the Controlled Substance Manifest

14. To secure a purchased lab test outside the rule of law, the Oconto County Sheriff's Office and the oconto District Attorney's office executed an unauthorized "lab-shopping" scheme. On or about August 30, 2022, Defendant Lieutenant Eric Thomson prepared a shipment destined for an unaccredited civilian environmental facility: Defendant Accelerated Analytical Laboratories, Inc. (d/b/a Accelerated Cannabis Laboratories).

15. To initiate this transaction, Defendant Lt. Thomson filled out and signed an official corporate manifest, attached as Exhibit A. On the face of this document, Defendant Lt. Thomson explicitly processed, designated, and labeled the package as criminal, Schedule I "Marijuana" and "Marijuana Extract,"completely omitting any mention or context of legal industrial hemp. Other than the words "need this tested to see if it is marijuana or hemp."

16. The criminal collusion between the co-conspirators is conclusively documented by the face of the form itself. Defendant Accelerated Analytical Laboratories, Inc. deliberately printed and distributed an official corporate document advertising itself to law enforcement as a fully authorized forensic testing facility, explicitly creating dedicated intake categories for criminal evidence marked

"Codes 7350 and 7360 Marijuana Extract and Marijuana." By generating and providing this specific drug-testing manifest to municipal agencies, the private laboratory actively masqueraded as a DEA-certified operation to solicit law enforcement business for profit. The laboratory had absolutely no legal authority or federal registration to handle or process these federal Schedule I criminal codes. By printing this form to attract police funds, and by using this form to knowingly sign for a box of labeled narcotics, Accelerated Cannabis Laboratories stepped completely out of its civilian safe harbor to act as an unaccredited, rogue forensic arm for the state's prosecution racket. There was no reason for the police officer in charge of MAILING suspected narcotics to testing facilities in oconto county, to not know which laboratories are certified to accept such samples. No reason whatsoever.

17. Under the federal Controlled Substances Act (CSA), specifically 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 843(b), it is a federal crime to knowingly utilize the mail streams to transmit a Schedule I controlled substance. While law enforcement personnel possess a narrow exemption under 21 U.S.C. § 885(d) and USPS Publication 52, that immunity is strictly conditional and limited only to shipping suspected controlled substances directly to an authorized government forensic crime laboratory.

18. Because Defendant Accelerated Analytical Laboratories was a civilian environmental business completely lacking DEA forensic crime lab registration under 21 U.S.C. § 822, the law enforcement exemption is entirely inapplicable. By dropping this box labeled "Marijuana" into the mail stream, the police executed a non-exempt federal drug distribution felony, and Accelerated Labs executed a felony infraction by accepting it.

III. The Final Outcome and Return of the Cargo

19. On August 16, 2022, Defendant Accelerated Analytical Laboratories completed Method TP-POT-05, issued a Certificate of Analysis for Sample 2208ACC0035.0066, and certified a Total THC concentration of 0.33% (Strain: Merlot), proving the material was completely lawful hemp.

20. Following the receipt of these unaccredited metrics, Defendant Lieutenant Eric Thomson actively pushed the District Attorney's office for a formal prosecution directive. As conclusively documented in bates-stamped email records marked Skarban 00552, on December 13, 2022, Defendant Lt. Thomson emailed ADA Hannah Schuchart, stating: "I did have the test results from Accelerated Cannabis forwarded to your office. Please advise your charging decision and if the plant material may be released or if it needs to be retained." After he found out it was hemp, he still pushed for criminal charges, leaving it up to the district attorney. Instead of explicitly advising her that he made a mistake when he seized my hemp. AT .33% THE PLANT MATERIAL IS HEMP.

21. Because the unauthorized civilian pipeline ultimately verified that the material was completely legal hemp, the District Attorney's office was blocked from executing a fraudulent prosecution. On Friday, December 16, 2022, at 6:54 PM, ADA Hannah Schuchart issued a formal written directive to Lt. Thomson, explicitly stating: "So we will not be charging given the lab results... Materials can be released. Have a great weekend!"

22. Consequently, in February 2023, in the public lobby of the Oconto County Sheriff's Office, Defendant Lieutenant Eric Thomson physically surrendered and returned 100 percent of the rotted, material, minus the samples he mailed to the lab, including the containers of the legal hemp crop and everything else, directly back into the hands of Plaintiff Kevin Kovacic and my now ex wife, Tammy Kovacic.

23. Because the initial transportation and mailing of the material constituted a non-exempt drug distribution infraction by the police, and because the receipt and handling of the material constituted an unlicensed transaction by a private lab acting jointly with the state, the entire enforcement pipeline was completely corrupted. The Defendants utilized an illegal lab transaction to

attempt to prosecute me for legal agricultural crops. They returned it only after it had completely lost its value, then instead of apologizing and reimbursing us for the $1000 property value, oconto county spend hundreds of thousands of taxpayer dollars to cover up an unconstitutional arrest and a high ranking officer's illegal narcotics mail pipeline.

## CAUSES OF ACTION

### COUNT I: Monell Municipal Liability – Unconstitutional Custom of Evidence Outsourcing
(Against Defendant Oconto County)

24. Plaintiff incorporates paragraphs 1 through 23 as if fully set forth herein.

25. Oconto County maintains an unconstitutional policy, custom, and practice under Monell of bypassing the structurally incapable State Crime Lab and deliberately outsourcing narcotics evidence profiling to uncertified, private civilian laboratories. This custom allows the county to launder non-forensic metrics through unauthorized pipelines, bypassing standard constitutional protections in a manner that mirrors the systemic failures identified in Glisson v. Indiana Department of Corrections, 849 F.3d 372 (7th Cir. 2017).

### COUNT II: 42 U.S.C. § 1983 – Deprivation of Due Process & Fabrication of Evidence
(Against All Defendants)

26. Plaintiff incorporates paragraphs 1 through 25 as if fully set forth herein.

27. The Defendants jointly violated my Fourteenth Amendment right to due process by deliberately attempting to use an unlicensed private laboratory report to sustain an illegal seizure, procure criminal charges against me for illegal marijuana trafficking for my 100% Wisconsin legal hemp crop. This reliance on an unauthorized entity, combined with the explicit corporate admissions of uncertified operations documented in Exhibit C, constitutes the bad-faith manipulation of legal evidence, explicitly barred under Seventh Circuit precedent in Fields v. Wharrie, 740 F.3d 1107 (7th Cir. 2014) and Avery v. City of Milwaukee, 847 F.3d 433 (7th Cir. 2017).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Kevin D. Kovacic respectfully request that this Court enter judgment against the Defendants and award the following:

- A Permanent Injunction ordering Defendant Oconto County, the Oconto County Sheriff's Office, and all municipal agents, task forces, and contracted entities to completely cease and desist from transporting, distributing, or mailing suspected controlled substances to private commercial laboratories or any facility lacking active, verified Drug Enforcement Administration (DEA) forensic crime laboratory registration under 21 CFR Section 1301.13;
- Compensatory Damages to be decided by the jury. For the complete loss and destruction of our 2021 commercial agricultural hemp inventory, total destruction of business value, and severe emotional distress caused by the Defendants' unconstitutional actions
- Punitive Damages against Defendant Lt. Eric Thomson and Defendant Accelerated Analytical Laboratories, Inc. for executing criminal forensic testing on a suspected Schedule I controlled substance without mandatory federal registration and engaging in active perjury to conceal the transaction;
- Statutory Attorney's Fees and Costs pursuant to 42 U.S.C. Section 1988;

- Any further relief this Court deems just and proper.

V. JURY DEMAND

Plaintiff hereby demands a trial by jury on all counts, claims, issues, and damages in this action so triable as a matter of right.

Dated this 20TH day of OCTOber 2026.

Respectfully submitted,

KEVIN D. KOVACIC, Plaintiff Pro Se
N633 County Road CH
Coloma, WI 54930
Phone: (920) 765-3341
Email: kevinkovacic@yahoo.com. X_Kevin Kovacic_ 10/20/26

DECLARATION UNDER PENALTY OF PERJURY

(Federal Verification Pursuant to 28 U.S.C. § 1746)

I, Kevin Kovacic, declare under penalty of perjury under the laws of the United States of America that I am the Plaintiff in the above-captioned matter, that I have read the foregoing Complaint, and that the factual allegations contained therein regarding the Oconto County highway seizure, the state lab's quantitative incapacity, the February 2023 lobby property return, the December 2022 email chain Skarban 00552, the 2025 courtroom paraphernalia testimony, and the introduction of Exhibit A, Exhibit B, and Exhibit C are true, accurate, and correct to the best of our personal knowledge, information, and belief.

Executed on this 20TH day of OCTOBER 2026.

KEVIN D. KOVACIC
N633. CH
Coloma, WI
kevinkovacic@yahoo.com
(920) 765-3341

X_Kevin Kovacic_ 10/20/26